IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAURA LAPORTE and Spouse, JOSEPH LAPORTE, JEANNE LAPORTE, JAMES A. LAPORTE, JEAN LAPORTE, LISA GOLD, DONNA MOORE, ERIC H. REID, JOEL BOROVAY, DONA DIAN DANIEL, AND GARY HART, Plaintiffs, v. WELLS FARGO BANK, N.A., et al., Defendants. | No. 3:08-cv-376 |

**MEMORANDUM OPINION**

This civil action is before the court on the second motion of defendant Wells Fargo Bank, NA ("Wells Fargo") to dismiss and/or to strike [doc. 28].[1] The plaintiffs have responded [doc. 30], and Wells Fargo has filed a reply brief [doc. 32]. The court finds that oral argument on the motion is not necessary, and the motion is ripe for the court's consideration. For the reasons discussed below, the motion will be granted in part and denied in part.

---

[1] Wells Fargo filed a motion to dismiss the initial complaint [doc. 9], but the plaintiffs amended the complaint so Wells Fargo filed second motion to dismiss the amended complaint.

In their amended complaint, the plaintiffs raise multiple claims related to loans they obtained on property primarily located in Sevier County, Tennessee.[2] The plaintiffs allege that they applied and were approved for loans on the property by the defendant Wells Fargo. The plaintiffs allege, however, that the income information and the value of the property provided to Wells Fargo was "fraudulently increased and grossly overstated" by "Agents of the Defendants." The plaintiffs allege that defendant Robert Rivernider "promised Plaintiffs that he would pay their mortgage, rent the property, and pay the Plaintiffs' [sic] the rental income, as well as make their life debt free." Based on these allegations, the plaintiffs claim violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, and the Tennessee Home Loan Protection Act, Tenn. Code Ann. § 45-20-101, as well as claims of deceptive and unfair trade practices[3] and fraud. The plaintiffs seek rescission, an injunction,[4] and class action status.

---

[2] One plaintiff's loan relates to property in West Palm Beach, Florida.

[3] The plaintiffs actually allege violations of the "Deceptive and Unfair Trade Practices Act" without any citation to such an act. Furthermore, the court is not aware of any such act in Tennessee or under federal law. The Tennessee Consumer Protection Act, however, prohibits unfair and deceptive practices. Perhaps this is the act to which the plaintiffs refer.

[4] Following a hearing, the plaintiffs' motion for an injunction was denied by prior Order of this court [doc. 27].

2

On a motion to dismiss alleging a failure to state a claim (Fed. R. Civ. P. 12(b)(6)), the court

> must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. . . . When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. . . . Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.

*Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

## Real Estate Settlement Procedures Act and Truth in Lending Act

In its motion to dismiss, Wells Fargo argues that RESPA and TILA do not apply to the type of real estate transaction that is the subject of the plaintiffs' claims, since the requirements of both acts do not protect extensions of credit for business, commercial or agricultural purposes. In response, the plaintiffs argue that there are questions of fact as to whether the Sevier County properties are their principal dwellings or business or commercial property. They cite to loan documents that have not been provided to the court that purport to state that the loans are for residences and are home loans.[5]

---

[5] At the time of the hearing on the preliminary injunction in this case, Wells Fargo submitted the loan documents for the property purchased by plaintiff Laura Laporte [doc. 24]. Contrary to the plaintiffs' unsupported assertions, the Deed of Trust states that the purchaser will occupy the property **unless** the lender agrees in writing otherwise. In fact, the lender did agree in writing and a "Second Home Rider" was executed as part of the Deed of Trust wherein Ms. Laporte agreed that the property she was purchasing was a "second home." The court specifically does not rely on these documents in deciding Wells Fargo's motion to dismiss, but merely describes the documents to show that delaying its ruling until discovery is

3

Section 2606 of RESPA provides in relevant part as follows:

**(a) In general**
This chapter does not apply to credit transactions involving extensions of credit –
**(1)** primarily for business, commercial, or agricultural purposes;
. . . .
**(b) Interpretation**
In prescribing regulations . . . the Secretary shall ensure that, with respect to subsection (a) of this section, the exemption for credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, as provided in subsection (a)(1) of this section shall be the same as the exemption for such credit transactions under 1603(1) of Title 15 [TILA].

12 U.S.C. § 2606. The language of 15 U.S.C. § 1603(1) (TILA) also excludes transactions involving extensions of credit primarily for business, commercial, or agricultural purposes.

The meager case law supports the court's conclusion that the loans in this case were for business or commercial purposes. For example, the district court for the Eastern District of Virginia found that the plaintiffs had no TILA right to rescind the credit transaction at issue because TILA does not apply to "[c]redit transactions secured by real or personal property used for *other* purposes, such as commercial rental property." *Antanuos v. First Nat'l Bank of Ariz.*, 508 F. Supp. 2d 466, 471 (E.D. Va. 2007) (emphasis in original). In an earlier district court case, *Puckett v. Georgia Homes, Inc.*, 369 F. Supp. 614 (D. S.C. 1974), the

---

taken would be futile.

4

plaintiff sought damages for the alleged failure of the defendant to make certain disclosures required by TILA at the time he purchased a mobile home.[6] The plaintiff's intent was to replace for his tenant a mobile home that was destroyed by fire and which he expected the tenant to continue to rent, although the plaintiff stated that someday he intended to live there himself. The district court found that the disclosure requirements of TILA do not apply to extensions of credit for business or commercial purposes, and the transaction was "for business purposes" since he planned to rent the property. *Id.* at 618-19. In a very recent but unreported decision, the district court found that the plaintiff's RESPA and TILA claims failed because the loan the plaintiff received was commercial in nature, and the statutes do not apply to credit transactions for commercial or business purposes. *Dunn v. Meridian Mortgage*, No. 3:09CV00018, 2009 WL 1165396 at *2-3 (W.D. Va. May 1, 2009). In *Dunn*, the plaintiff's loan was secured by property other than the plaintiff's principal dwelling and the proceeds were to be used to make improvements on other investment properties. *Id.*

The court finds that the plaintiffs' claims brought under RESPA and TILA must be dismissed based on the allegations of the amended complaint. The plaintiffs' assertions that the loans were for residences and were home loans are unavailing. The plaintiffs specifically aver in their complaint that their principal

---

[6] The majority of the plaintiffs' RESPA and TILA claims in the instant case relate to a failure of Wells Fargo to make the required statutory disclosures.

dwellings are not the properties in Sevier County or West Palm Beach, Florida; rather, the plaintiffs reside in New Jersey, Illinois, Connecticut or Arizona. Further, the plaintiffs claim that the properties were purchased as investments; they claim that defendant Rivernider promised to rent the properties and pay the plaintiffs and the mortgages from the rental receipts.

Furthermore, in order for TILA to afford any relief to the plaintiffs, the property secured by the loan must be their principal dwelling. TILA specifically exempts credit transactions other than those where the security interest relates to real property to be used as the borrower's principal dwelling. 15 U.S.C. § 1603(3).[7] *See also* 12 C.F.R. § 226.2(11) (defining "consumer" for purposes of TILA as "a natural person in whose principal dwelling a security interest is or will be retained or acquired"). The Second Circuit addressed the issue of whether a residence was the plaintiff's principal dwelling in *Scott v. Long Island Savings Bank, FSB*, 937 F.2d 738 (2d Cir. 1991). The Second Circuit affirmed the district court's determination that the plaintiff did not have a right under TILA to rescission of the second mortgage on the property because the property was not his principal dwelling. *Id.* at 741 (relying on an official staff interpretation of principal dwelling not to include a vacation or other second home); *see also Scott v. Wells Fargo Home Mortgage Inc.*, 326 F. Supp. 2d 709, 715 (E.D. Va. 2003)

---

[7] TILA also specifically exempts rights of rescission for credit transactions covering property that is not the borrower's principal dwelling. 15 U.S.C. § 1635(e). Thus, to the extent that the plaintiff's seek rescission under TILA, that relief is not available to the plaintiffs.

6

("A consumer can only have one principal dwelling at a time. A vacation or other second home would not be a principal dwelling.").

For these reasons, the court finds that the plaintiffs' federal claims brought under RESPA and TILA must be dismissed.

**Tennessee Consumer Protection Act
and Tennessee Home Loan Protection Act**

Wells Fargo argues that by its terms, the Tennessee Consumer Protection Act (Tenn. Code Ann. §§ 47-18-101 *et seq.*), applies only to specified types of deceptive acts and practices affecting trade or commerce, and credit terms of transactions are specifically exempted. Further, like the limitations of RESPA and TILA, Wells Fargo contends that the Tennessee Home Loan Protection Act (Tenn. Code Ann. §§ 45-20-101) only applies to home loans on the borrower's principal dwelling. Therefore, Wells Fargo argues that the claims brought under these two acts must be dismissed. In response, the plaintiffs argue that the claims asserted under the Tennessee Consumer Protection Act "do not relate to the 'terms' of the credit transaction but the fraudulent and deceptive nature of the transaction itself and the scheme to damage the Plaintiffs to which this Defendant was an active participant."

The Tennessee Supreme Court has advised that "the provisions of the Consumer Protection Act be liberally construed to protect consumer and legitimate business enterprises from those who engage in 'unfair or deceptive

7

acts or practices in the conduct of any trade or commerce.'" *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 841 (Tenn. 1996).[8] The Tennessee Consumer Protection Act ("Act") prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104(a). The Act defines "trade," "commerce," or "consumer transaction" as the "advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, **real**, personal or mixed, and other articles, commodities, or things of value wherever situated." Tenn. Code Ann. § 47-18-103(11) (emphasis added). Thus, by its terms, the Act applies to transactions involving the sale of real property.

Wells Fargo argues, however, that the Act's exemption for "credit terms of a transaction" takes the plaintiff's claims out of the Act. Section 47-18-111(a)(3) of the Act provides that the provisions of the Act do not apply to "[c]redit terms of a transaction which may be otherwise subject to the provisions of this part . . . ."

The court disagrees. The plaintiffs' claims do not appear to relate to the actual terms of the loans on the Sevier County properties held by Wells Fargo; rather, as the court understands the plaintiffs' claims, they relate to the

---

[8] *Pursell* involved a bank's repossession of collateral securing a loan, an activity which the Court held was not covered by the Act. But, this court notes that the Tennessee Supreme specifically stated that its opinion in *Pursell* should not be taken to "generally exempt banking activities from the Tennessee Consumer Protection Act." *Pursell*, 937 S.W.2d at 842.

8

allegedly fraudulent inducement by agents of the defendant to purchase the properties in the first place. *See, e.g., Beard v. Worldwide Mortgage Corp.*, 354 F. Supp. 2d 789, 815 (W.D. Tenn. 2005) (denying a motion to dismiss a Consumer Protection Act claim where the plaintiff had pled "fraudulent and/or deceptive business transactions" in inducing her to refinance her mortgage). The court finds that the plaintiffs have stated a claim under the Tennessee Consumer Protection Act, and Wells Fargo's motion to dismiss this claim will be denied except as to the property in West Palm Beach, Florida. The claim related to the Florida property does not appear to have any connection with Tennessee and the Tennessee Act would not apply to this purchase.

Wells Fargo is correct that the Tennessee Home Loan Protection Act ("THLPA") does not apply to the plaintiff's claims. THLPA applies to home loans, a term that is defined in the statute as a loan on a structure, located on property in Tennessee, "That is or will be occupied by a borrower as the borrower's principal dwelling." Tenn. Code Ann. § 45-20-102(9). The plaintiffs' amended complaint describes the properties at issue as rental properties, not the plaintiffs' principal dwellings. Therefore, Wells Fargo's motion to dismiss this claim will be granted.

## Fraud

Wells Fargo contends that the plaintiffs' fraud allegations have not been stated with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. The court agrees. Further, the court is well aware that the plaintiffs have already been given an opportunity to amend their complaint and correct certain deficiencies. Nevertheless, the court will give the plaintiffs one more chance to amend their complaint and particularly state the circumstances constituting fraud. If, in the court's estimation, the plaintiffs fail to do so, their fraud claims will be dismissed.

## Class Action Certification

In their amended complaint, the plaintiffs seek to have this civil action declared a class action "on behalf of their selves [*sic*] and all other persons who purchased homes and who obtained loans through Wells Fargo Bank." The court finds that class action status is not appropriate in this case. The plaintiffs' claims concern some allegedly fraudulent dealings with defendant Rivernider, in addition to agents of Wells Fargo. Certainly, not **all** other persons who obtained loans to purchase homes through Wells Fargo Bank dealt with Rivernider. In this court's opinion, this fact defeats the plaintiffs' request that this civil action be declared a class action. Wells Fargo's motion to dismiss the plaintiffs' class action request will be granted.

## Failure to Join Necessary Parties

Finally, Wells Fargo argues that the amended complaint should be dismissed because the plaintiffs have failed to add necessary party-defendants, that is, the purchaser of the property at foreclosure and the trustees on the deeds of trust at issue in this case. The amended complaint [doc. 20] in fact names the trustees of the pieces of property but does not name the purchaser at foreclosure.[9] The court finds that the plaintiffs' failure to amend their complaint and add any purchasers of the properties at foreclosure sales indicates that the plaintiffs have abandoned any relief they sought related to their rights to return of property sold at a foreclosure sale.

## Conclusion

For the reasons stated above, the motion of Wells Fargo to dismiss or strike claims will be granted in part and denied in part. The plaintiffs' claims brought pursuant to RESPA, TILA and THLPA are dismissed, as is the request for class action status. The plaintiffs' claims under the Tennessee Consumer

---

[9] It does not appear, however, that the named trustees have ever been served with a summons and copy of the complaint.

Protection Act remain, as do the plaintiffs' fraud claims **if** the plaintiffs amend the complaint and state these claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. An Order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge